**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 16-1722**

───────────────

HANES CARIBE, INC.,

Plaintiff – Appellant,

v.

GLOBAL MANUFACTURERS AND CONTRACTORS, S.A.,

Defendant – Appellee.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley Jr., Senior District Judge.  (1:15-cv-00972-NCT-LPA)

───────────────

Argued:  May 10, 2017                    Decided:  June 5, 2017

───────────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ARGUED**:  Adam Howard Charnes, KILPATRICK TOWNSEND & STOCKTON LLP, Winston-Salem, North Carolina, for Appellant.  Donald B. Kaufman, MCNEES WALLACE & NURICK LLC, Harrisburg, Pennsylvania, for Appellee.  **ON BRIEF**: Jason M. Wenker, Winston-Salem, North Carolina, Thurston H. Webb, KILPATRICK TOWNSEND & STOCKTON LLP, Atlanta, Georgia, for Appellant.  Christopher A. Page, YOUNG MOORE AND HENDERSON, P.A., Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Hanes Caribe, Inc. appeals from the judgment of dismissal entered in the Middle District of North Carolina in favor of defendant Global Manufacturers and Contractors, S.A. ("GMC"). The district court, by Memorandum Opinion and Order of June 1, 2016, ruled that it lacked personal jurisdiction over GMC, denied several related motions, and rejected the effort of Hanes Caribe to litigate its dispute with GMC in the federal court in North Carolina. *See Hanes Caribe, Inc. v. Global Mfrs. & Contractors, S.A.*, No. 1:15-cv-972, at 27-36 (M.D.N.C. June 7, 2016) (the "Opinion") (explaining after thorough analysis the lack of federal jurisdiction in dispute involving GMC, a Haitian manufacturer of T-shirts (on the one hand), and Hanes Caribe, a foreign subsidiary of North Carolina-based Hanesbrands (on the other hand)).

We have carefully assessed the contentions of the parties, as explained in their well-crafted briefs and at oral argument. We have also reviewed and evaluated the record on appeal and the various factual and legal authorities relied upon and argued by the parties. Pursuant thereto, we are satisfied that the jurisdictional ruling made by the district court is the proper one.[*] We are therefore content to affirm the judgment on the basis of the court's well-reasoned Opinion.

---

[*] Hanes Caribe, in pursuing its jurisdictional contention, primarily relies on our decision in *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553 (4th Cir. 2014). This litigation, however, is readily distinguishable from *Universal Leather*, in that GMC did not purposefully avail itself of the laws of North Carolina. As the district court recognized, the finding of personal jurisdiction in *Universal Leather* was significantly impacted by the fact that the defendant had initiated contact with the forum state and repeatedly reached into the forum state to transact business during in-person visits. In this case, on the other hand, there was no solicitation of business by GMC in North Carolina. GMC simply

2

---

performed a service contract and made T-shirts that were delivered to Hanes Caribe in Haiti. On this record, as the district court correctly recognized, GMC did not take advantage of the laws or economic benefits of North Carolina.